# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

TRAVIS C. HUBBARD                                           PLAINTIFF

v.                                                          No. 1:11CV129-D-S

OKTIBBEHA CO. SHERIFF'S DEPT., ET AL.                       DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Travis C. Hubbard, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Hubbard was indicted on six counts of sale of a controlled substance and one count of conspiracy. He alleges that he has been arrested and detained at the Oktibbeha County Jail since April 27, 2010, without an initial appearance or preliminary hearing – and that there is "no proof" that he has committed a crime. In addition, he alleges that he injured his knee (sometime near May 21, 2011) while playing basketball at the jail, but received inadequate medical care for the injury. A nurse initially gave him ice and aspirin for the swelling. When the knee continued to bother Hubbard two days later (about May 23, 2011); jail personnel took him to visit Dr. Anthony Michael Drew, where Hubbard received an x-ray of his knee and prescription pain medication. Dr. Drew could not make a definitive diagnosis but believed that Hubbard may have a torn ligament. A week later (about May 30, 2011), Hubbard had not received the results of the

x-ray.

## Challenges to the Pending Charges

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). "If a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The plaintiff must first obtain *habeas corpus* relief before bringing suit under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. Rather, the proper method to challenge the validity of a conviction is to apply for federal *habeas corpus* relief. *Braden v. 30th Judicial Cir. Ct. of KY*, 410 U.S. 484, 488-89, 93 S. Ct. 1123, 1126, 35 L. Ed. 2d 443 (1973); *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985).

Here, however, the plaintiff has not been convicted of a crime but has only been arrested and detained after indictment. Several Circuits have held that *Heck* also bars a "damage claim which, if successful would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8

(7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996). The Fifth Circuit has reasoned that prior to a conviction, such as here where there is only an arrest, *Heck* does not necessarily bar a claim for damages. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Rather, prior to a conviction or acquittal, a 1983 is premature and in such circumstances the matter may be stayed pending the resolution of the underlying criminal case. *Id.* at 746.

The plaintiff has not been convicted but is simply being detained. The 1983 claim is, thus, premature. Although the matter may be stayed until such time as the criminal charges have been resolved, this court prefers to dismiss the matter without prejudice to the plaintiff's right to raise a 1983 claim arising out of the same criminal charge once a final disposition has been reached. This resolution prevents a docket cluttered with inactive cases. As such, the plaintiff's challenge to his pending state charges will be dismissed without prejudice

### Denial of Medical Treatment

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The same subjective deliberate indifference applies to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff has not met the standard outlined above. He received treatment (ice and aspirin) from the jail nurse immediately after he was injured. When, after two days, it became apparent that this treatment was insufficient, Hubbard was taken to the doctor, where he received prescription painkillers, x-rays, and speculation that he may have a torn ligament in his knee. At the time he filed the instant complaint, only a week had passed since the x-rays were taken.

Put simply, the plaintiff believes that he should receive a different course of treatment than that prescribed. This does not state a claim for relief under 42 U.S.C. § 1983. *Gibbs*, 254 F.3d 545 (5th Cir.2001). As such, the plaintiff's claim for denial of adequate medical care will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 25th day of July, 2011.

/s/ Glen H. Davidson
SENIOR JUDGE